# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0545V

|  |  |
|---|---|
| CYNTHIA G. DASILVA, <br><br>                   Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                   Respondent. | Chief Special Master Corcoran <br><br> Filed: August 7, 2024 |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Cynthia G. DaSilva filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she subsequently developed right shoulder injuries including bursitis as a result of her vaccination. ECF No. 1. On January 30, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,437.10 (representing $16,991.50 in fees plus $445.60 in costs). Application for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorney's Fees and Costs ("Motion") filed May 1, 2024. ECF No. 48. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. *Id*. at 22.

Respondent reacted to the motion on May 6, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 49. Petitioner is requesting hourly rates for attorney Nancy Meyers and associates as follows:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| Nancy Meyers, Esq. | $400 | $430 | $460 | $490 | $530 |
| L. Cooper Harrell, Esq. | X | X | $430 | $470 | $510 |
| Hillary Kies, Esq. | X | X | $370 | $390 | $410 |
| Tyler Nullmeyer, Esq. | X | X | $275 | $295 | $315 |
| Paralegals | $150 | $155 | $160 | $165 | $180 |

The rates requested for attorney Meyers, Kies, Nullmeyer and their associated paralegals for all time billed between 2020-2024 are reasonable given their relevant experience, and will therefore be adopted herein. However, the 2023 hourly rate requested for attorney L. Cooper Harrell, requires adjustment.

Mr. Harrell was previously awarded the *lesser* rate of $460 per hour for his time billed in 2023. *See Starnes* v. *Sec'y of Health & Hum. Servs.,* No. 20-1514V, Slip Op. 55 (Fed. Cl. Spec. Mstr. May 13, 2024). I find no reason to deviate from such reasoned determination, and hereby reduce Mr. Harrell's rate for time billed in 2023 to be consistent with the aforementioned decision.[3] For time billed in 2024, however, I find Mr. Harrell's requested hourly rate of $510 to be reasonable and hereby award it herein.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Motion at 14-18. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for

---

[3] Based on the billing records, it does not appear that Mr. Harrell performed any work in this matter in 2023, and thus, no reduction in the amount of fees to be awarded is warranted. ECF No. 48-1.

attorney's fees and costs. **I award a total of $17,437.10 (representing $16,991.50 in fees plus $445.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Nancy R. Meyers.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.